IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:20-CR-512-1 |
| | ) | |
| BRADLEY CARL REIFLER | ) | |

## ORDER

Having considered the Government's unopposed motion requesting authorization and entry of a protocol to govern the disclosure of discovery materials that have been or are potentially subject to claims of privilege by the Defendant, and for good cause shown,

**IT IS HEREBY ORDERED THAT**:

1. The Government's motion is **GRANTED**, and the protocol set forth in Paragraphs 2-13, below (hereinafter "Protocol"), shall govern the disclosure of discovery materials that have been or are potentially subject to claims of privilege (hereinafter "Potentially Protected Material")[1] by Defendant Reifler, unless later modified by the Court.

2. The Filter Team shall withhold Potentially Protected Material from the Prosecution Team unless Defendant Reifler or an order from the Court authorizes the release of Potentially Protected Material to the Prosecution Team.

3. The Filter Team shall release discovery material that it determines is not Potentially Protected Material to the Prosecution Team.

---

[1] Potentially Protected Material is defined as material that could potentially garner the protections of the attorney-client privilege, work product doctrine, or other legally recognized privileges.

4. The Filter Team shall produce Potentially Protected Material to Defendant Reifler under the following conditions:

   a. Defendant Reifler shall receive a full copy of the discovery material in the same format as it was provided to the Filter Team. The Filter Team will produce to Defendant Reifler a copy of the items that the Filter Team identified as Defendant Reifler's Potentially Protected Material and a log of the material including relevant available metadata fields (*e.g.*, File Name, Email Subject, Date Sent, To/From/CC/BCC).

   b. If Defendant Reifler is the privilege holder of the discovery material, the Filter Team shall notify the Defendant before releasing any of Defendant's Potentially Protected Material to the Prosecution Team.

      i. <u>Contents of Notice.</u> The notice shall identify the Potentially Protected Material to be released and the anticipated date of release to the Prosecution Team, and a copy of this Protocol Order. The Filter Team shall also provide the Defendant with an electronic index of the Potentially Protected Material scheduled for release.

      ii. <u>Procedures for Objections to Production and/or Asserting Privilege Claims.</u> If Defendant objects to the Filter Team's release to the Prosecution Team and/or asserts a privilege claim to protect certain materials from being produced in discovery, the Defendant will notify the Filter Team of their position within sixty (60) days of receiving the electronic copy of the Potentially Protected Material, or within a longer period of time as agreed to by the parties or authorized by subsequent order of the Court. The Defendant's objection will include a privilege log, setting forth the claim asserted — such as attorney-client privilege, work product doctrine protection, or other legally recognized claim — that precludes production for each document logged. The log shall also set forth the relevant available metadata fields (*e.g.*, File Name, Email Subject, Date Sent, To/From/CC/BCC), and an explanation of the claim asserted against production. Defendant shall email a copy of his objection and privilege log to the

2

Case 1:20-cr-00512-CCE    Document 21    Filed 06/02/21    Page 2 of 8

Filter Team. If Defendant does not respond to the Filter Team's notice within the relevant period, the Filter Team may move the Court for a finding that the Defendant has waived privilege claims.

    iii. <u>Procedure for Non-Logged Potentially Privileged Material.</u> The Filter Team will release to the Prosecution Team the Potentially Privileged Material that Defendant does not include on the privilege log.

    iv. <u>Meet and Confer.</u> After the Filter Team receives the Defendant's objection and privilege log, the parties shall have seven (7) business days (or a longer period of time agreed to by the Parties or authorized by subsequent order of the Court) to meet and confer to try to resolve any areas of disagreement concerning the asserted privilege claim.

    v. <u>Motion to Compel.</u> If the Defendant and Filter Team cannot come to an agreement as to the asserted claim(s), the Filter Team shall then have seven (7) business days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material. The Filter Team shall attach a copy of the Defendant's privilege log and a copy of the disputed material or document(s) along with its memorandum containing any factual or legal arguments.

    vi. <u>Response to Motion to Compel.</u> Within seven (7) business days of the filing of a motion to compel, the Defendant shall file a response supporting his claim.

    vii. <u>Reply Motion.</u> Any reply in support of the motion to compel will be due within seven (7) business days of the responsive filing.

    viii. <u>Permitted Use.</u> If the Court thereafter authorizes the Filter Team to release the disputed Potentially Protected Material to the Prosecution Team, the Court will retain jurisdiction to determine if, and under what circumstances, Defendant or the Prosecution Team may use the Potentially Protected Material at trial.

c. If Defendant Reifler is not the privilege holder of the discovery material, before releasing to the Prosecution Team or producing to Defendant Reifler any of a third-party claimant's Potentially Protected Material, the Filter Team shall notify any third-party claimant that their Potentially Protected Material

3

will be released to the Prosecution Team and produced as part of the discovery to Defendant Reifler, unless such notice would jeopardize an ongoing investigation. In the event such notice would jeopardize an ongoing investigation, the Filter Team shall seek authorization from the Court as to how to release the Potentially Protected Material at issue to the Prosecution Team and to Defendant Reifler. In addition, the Filter Team shall concurrently provide to Defendant Reifler a copy of the notice provided to the third-party claimant.

    i. <u>Contents of Notice.</u> The notice shall identify the Potentially Protected Material to be released to the Prosecution Team and produced to Defendant Reifler, the anticipated date of release to the Prosecution Team and production to Defendant Reifler, the criminal case number, and a copy of the Protocol Order. The Filter Team shall also provide the claimant with an electronic copy of the Potentially Protected Material scheduled for production. The Filter Team shall not provide a copy of the Potentially Protected Material to the Defendant at this time.

    ii. <u>Procedures for Objections to Production and/or Asserting Privilege Claims.</u> If a claimant objects to the Filter Team's release to the Prosecution Team, discovery production to Defendant Reifler, and/or asserts a privilege claim to protect certain materials, the claimant will notify the Filter Team of their position within thirty (30) days of receiving the electronic copy of the Potentially Protected Material. The claimant's objection will include a privilege log, setting forth the claim asserted—such as attorney-client privilege, work product doctrine protection, or other legally recognized claim—that precludes production for each document logged. The log shall also set forth the document title, subject matter, author(s), recipients(s), date, transmittal detail (if any), location of author(s) and recipient(s), and an explanation of the claim asserted against production. The asserting third-party claimant shall email a copy of the objection(s) and privilege log to Defendant Reifler and the Filter Team. If the claimant does not respond to the Filter Team's notice within thirty (30) days, the Filter Team will provide Defendant Reifler with information

Case 1:20-cr-00512-CCE    Document 21    Filed 06/02/21    Page 4 of 8

regarding the Filter Team's attempts to contact the claimant. Thereafter, Defendant Reifler may move the Court for a finding that the claimant has waived privilege claims.

iii. <u>Procedure for Non-Logged Potentially Privileged Material.</u> The Filter Team will release to the Prosecution Team and produce to Defendant Reifler the Potentially Privileged Material that the claimant does not include on their privilege log.

iv. <u>Meet and Confer.</u> After the Filter Team and Defendant Reifler receive the objection(s) and required privilege log from the claimant, the parties shall have seven (7) business days to meet and confer to try to resolve any areas of disagreement concerning the third-party's asserted privilege claim. The Defendant shall be given notice of the date and time of the meet and confer, and Defendant Reifler may participate through counsel.

v. <u>Motion to Compel.</u> If the parties cannot come to an agreement as to the third-party's asserted claim(s), the Filter Team or Defendant Reifler shall have seven (7) business days from the date of meet and confer to move to compel production of the disputed Potentially Protected Material. The moving party shall file a memorandum containing any factual or legal arguments and attach a copy of the third-party claimant's privilege log. Upon the Court's request, the asserting third-party claimant shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for in camera review.

vi. <u>Response to Motion to Compel.</u> Within seven (7) business days of the filing of a motion to compel, the third-party claimant shall file a response supporting its claim.

vii. <u>Reply Motion.</u> Any reply in support of the motion to compel will be due within seven (7) business days of the responsive filing.

viii. <u>Permitted Use.</u> If the Court thereafter authorizes the Filter Team to release the disputed Potentially Protected Material to the Prosecution Team and to produce the same to Defendant Reifler, the Court will retain jurisdiction to determine if, and under what circumstances, the Prosecution Team or Defendant Reifler may use the Potentially Protected Material at trial.

5

Case 1:20-cr-00512-CCE   Document 21   Filed 06/02/21   Page 5 of 8

d. The Court retains jurisdiction to adjudicate any dispute or resolve any privilege asserted over the discovery material produced pursuant to the Protocol.

e. If Defendant Reifler or a third-party claimant fails to provide a privilege log to the Filter Team or Defendant Reifler sufficient to allow the reviewing party or the Court to determine the nature of the claim, or fails to meet and confer, the Court may order the production of additional information or determine that such actions constitute waiver of a claim.

5. If an item released to the Prosecution Team is later subject to a privilege claim by any party, and that claim is not challenged or is later upheld by the Court, the Filter Team or the Court may clawback the item(s) or direct the party in possession to destroy such item(s).

6. Pursuant to Fed. R. Evid. 502(d), any Potentially Protected Material disclosed to a third party pursuant to this Protocol Order or subsequent disclosure order, shall not constitute, or be deemed, a waiver or forfeiture of any privilege claim in any federal or state judicial or administrative proceeding other than these federal proceedings.

7. The Government shall have the right to present to the Court any document to determine if an exception, such as the crime-fraud exception, or a waiver, such as a subject-matter waiver, applies to the Potentially Protected Material. If materials are produced to the Prosecution Team by the Filter Team pursuant to such a finding, it shall not be grounds for a waiver argument by the Government or any other party pursuant to Fed. R. Evid. 502(d).

6

Case 1:20-cr-00512-CCE    Document 21    Filed 06/02/21    Page 6 of 8

8. If any member of the Prosecution Team inadvertently reviews an item believed to be protected by the attorney-client privilege, work product doctrine, or any other legally recognized privilege, the Prosecution Team member shall turn the item over to the Filter Team for resolution through the process described above and shall notify the Defendant. Inadvertent review through the process described herein shall not automatically disqualify the Prosecution Team member from this matter.

9. The Defendant is not precluded from challenging the release to the Prosecution Team of any material later determined to be privileged, including by filing any motion or requesting any form of relief supported by law. By agreeing to the entry of this Order, the Defendant does not waive any privilege as to any specific document. Nor is the Defendant precluded from raising any other available challenges to the searches and seizures of documents in this case or any other available legal challenges.

10. The Parties have discussed in general terms the documents and data at issue and the fact that the Filter Team has identified approximately 900,000 records that currently fall into the category of Potentially Privileged Material. Given the time and resources that would be required by the Defendant to review these materials and log them in order to assert privilege if warranted, after the entry of this Order, the parties agree to meet and confer to discuss ways to determine reasonable measures that can be used to further narrow the category of potentially privileged records that require defense review and privilege assertion and/or to reduce the burden of the logging required to assert privilege. Defendant expressly reserves objections based on the volume of Potentially Privileged Material.

11. Either party may later seek modification of this Order to reduce the burden upon either party of this privilege review process or for any other reason.

12. Subject to the Court's Scheduling Orders and further order of the Court, the notification and filing deadlines set forth in this Protocol may be extended based on the written agreement of the parties, or by any party requesting the same from the Court upon good cause shown.

13. The Government shall provide a copy of this Order to all known third-party claimants with material subject to the Government's disclosure obligations within five (5) business days of the entry of the Order. Any later identified third-party claimant subject to the Government's disclosure obligations will be provided notice in accordance with Clause 4, paragraph (c) *et seq.*

**IT IS SO ORDERED** this the 2nd day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE

8

Case 1:20-cr-00512-CCE   Document 21   Filed 06/02/21   Page 8 of 8